Dear Mrs. Hearnes:
This letter is in response to your question asking:
 Sections 246.200 and 246.210 — Do either or both of the described Sections prohibit the construction of culverts over and across ditches, drains or water courses constructed by a drainage or levee district if the culvert does not obstruct, divert or impair the flow of water.
You also state:
 The County Court of Mississippi County has been advised by the Prosecuting Attorney of Mississippi County that culverts constructed over and across ditches, drains or water courses within the boundaries of the levee district in the County violate the provisions of Sections 246.200 and 246.210, and that the same Sections prohibit future construction of such culverts. Attached is a copy of a letter from the Prosecutor to the Court in which he states his opinion and intentions. The subject culverts are used by the private land owners as a means of crossing the constructed waterways which transverse their lands. The culverts are constructed by laying a large drainage pipe in the constructed waterway and packing its top with natural materials for a road base. Water flows freely through the pipe.
Section 246.200, RSMo, to which you refer provides in pertinent part:
 1. No person, corporation, county court or other municipal corporation shall be permitted to sink, set, or drive any posts, pillars or piling in any of the ditches, drains or watercourses constructed by any district organized under the laws of this state for the purpose of erecting any bridge, trestle or covering over or across any such ditch, drain or watercourse. All supports for any such bridges, coverings or trestles shall be erected or placed on the banks of such ditches, drains or watercourses so as not to obstruct the flow of the water therein. . . . .
Obviously a culvert does not have "posts, pillars or piling" and therefore the first sentence in the above subsection would not apply. We believe, however, that a culvert could reasonably come within the term "covering" as used in the second sentence of the subsection above-quoted with the result that the very nature of such a culvert would indicate that it could not be used in such a manner because the support of the culvert extends into the banks and the bottom of such ditches.
It is clear that when § 246.200 was first enacted, the use of culverts, as we now know them, was not common. And, it seems obvious that the legislature did not consider the probable future use of culverts in enacting that statute. Nevertheless, it is our view that such section literally prohibits such use of culverts. The question of whether or not there should be a prosecution in any instance is, of course, a matter for the prosecuting attorney to determine.
We enclose for your information Att'y Gen. Op. No. 28, DeField, April 28, 1977, in which we concluded that the word "bridge," as used in § 242.350, RSMo, includes "culvert"; and drainage districts organized under the provisions of Chapter 242, RSMo, may utilize culverts rather than bridges where the drainage ditches of the district cross public roads.
You also refer to § 246.210, which prohibited the impairment of drainage ditches. Such section was repealed by the Laws of 1977, when the new Criminal Code was enacted, effective January 1, 1979.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 28, DeField, 4/28/77